UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTON KEADING, | Case No. 25-cv-06970-JSC |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| DAVID LIVINGSTON, | Re: Dkt. No. 22 |
| Defendant. | |

United States District Court
Northern District of California

Kenton Keading sues David Livingston, in his official capacity as Contra Costa County Sheriff, alleging he improperly attempted to effectuate the sale of real property violating Plaintiff's rights to (1) substantive due process under the Fourteenth Amendment, (2) procedural due process under the Fourteenth Amendment, and (3) access to the courts under the First Amendment. (Dkt. No. 1.) Defendant's motion to dismiss for failure to state a claim is now pending before the Court. (Dkt. No. 22.)[1] After carefully considering the briefing and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion to dismiss without leave to amend.

**BACKGROUND**

This case arises out of years of litigation following the death of Plaintiff's parents in 2015 and 2016. Following their deaths, Plaintiff's sister brought suit against Plaintiff in the Contra Costa County Superior Court for breach of fiduciary duty and undue influence relating to administration of their parents' trust. On August 23, 2017, the superior court found Plaintiff liable for undue influence and elder abuse based on his attempt to transfer his parents' residence to

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

himself. (Dkt. No. 23-1 at 9-10.[2]) This decision was affirmed on appeal. *Keading v. Keading*, 60 Cal. App. 5th 1115 (2021)).

Plaintiff's sister then brought an action seeking to dispose of various assets held in their parents' trust, including property located in the Crockett region of unincorporated Contra Costa County (the "Crockett Property"). (Dkt. No 23-2 at 2.) On June 20, 2023, the Contra Costa County Superior Court issued an order stating Plaintiff's sister's judgment lien had attached to the Crockett property as of no later than October 12, 2017. (*Id.* at 5.) Regarding the property located in Hercules, California (the "Hercules Property"), the court ordered an evidentiary hearing to determine whether the Hercules Property was subject to execution. (*Id.* at 5-6.) In the same order, the court ruled Plaintiff might be entitled to an offset because of his beneficial interest in his family's "Bypass Trust." (*Id.* at 3.) The order stated the writ of execution should be amended to reflect Plaintiff's beneficial interest; however, Plaintiff's sister did not comply, and no adjustments have been made. (*Id.*) Plaintiff then removed the state court action to this Court, but it was remanded for lack of subject matter jurisdiction. *See Keading et al v. Keading*, No. 23-3036 JSC, Dkt. No. 24 (N.D. Cal. Sept. 22, 2023). Following remand, the superior court held an evidentiary hearing and granted Plaintiff's sister's application to sell the Hercules property. (Dkt. No. 23-3 at 8.)

On June 25, 2025, Plaintiff moved the superior court for a temporary restraining order to enjoin the Contra Costa County Sheriff Office's sale of the Crockett and Hercules Properties, scheduled to occur the next day on June 26, 2025. (Dkt. No. 23-5 at 3.) The superior court denied

---

[2] Defendant requests judicial notice of various state court orders and filings from the litigation over Plaintiff's parents' estate. (Dkt. No. 23 at Exs. A-F; Dkt. No. 30 at Ex. G.) A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). Judicial notice of "proceedings in other courts, both within and without the federal judicial system" is permissible "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court grants Defendant's request for judicial notice, but does not take judicial notice of the allegations or factual findings from those cases for their truth. *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("[A] court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it[.]")

United States District Court
Northern District of California

United States District Court
Northern District of California

the request the next day.  (Dkt. No. 23-6.)

Plaintiff thereafter filed this action seeking to enjoin the sale of the property and bringing constitutional claims against David Livingston, the Contra Costa County Sheriff.  (Dkt. No. 1.)  The Complaint alleges the sale was rescheduled for August 21, 2025.  (Dkt. No. 1 ¶ 13.[3])  The case was initially assigned to Judge Beeler, who granted Plaintiff's motion to proceed *in forma pauperis* while reserving the issue of service by the U.S. Marshal until after she had screened the Complaint under 28 U.S.C. § 1915.  (Dkt. No. 9.)  Judge Beeler then screened the Complaint and ordered Plaintiff to show cause as to why the action should not be "dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine" and because "[t]he complaint . . . fails to state a claim upon which relief can be granted."  (Dkt. No. 10 at 2.)  The case was then reassigned to this Court as related to Plaintiff's prior notice of removal.  (Dkt. No. 14.)

Upon reassignment, the Court set a deadline for Plaintiff to respond to the order to show cause.  (Dkt. No 15.)  Plaintiff responded, arguing the *Rooker-Feldman* doctrine was inapplicable because the alleged due process violations are not inextricably intertwined with the state court judgment.  (Dkt. No 16.)  The Court then decided the issues were too complicated for the Court to determine without briefing from both parties and directed the U.S. Marshal's Office to serve the summons and complaint.  (Dkt. No. 18.)  In response, Defendant filed the now pending motion to dismiss for failure to state a claim.  (Dkt. No. 22.)  Plaintiff did not file an opposition to the motion to dismiss and the time to do so has run.[4]  *See* Civ. L.R. 7-3(a).

## LEGAL STANDARD

A complaint should be dismissed if it fails to allege sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  A claim is facially plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering a

---

[3] The record does not reflect if the sale has occurred.

[4] The docket reflects Plaintiff filed a document entitled "Opening Brief" on November 13, 2025.  (Dkt. No. 26.)  This document, however, was misfiled in this action, and is Plaintiff's opening brief for a separate appeal in a bankruptcy matter.  *See Keading v. U.S. Trustee Office of the U.S. Trustee /Oakland*, No. 25-4148 EKL, Dkt. No. 8.

United States District Court
Northern District of California

motion to dismiss, courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts are not required to adopt as true allegations that are "conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Rule 12(b)(6) dismissal is proper when the complaint "lacks a cognizable legal theory" or "fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

A pleading filed by a party who is proceeding without assistance of a lawyer must be liberally construed, and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## DISCUSSION

Plaintiff contends the Sheriff's notice of sale was improper and relied on a fraudulent writ of execution. (Dkt. No. 1 at ¶ 15.) He brings three claims under 42 U.S.C § 1983: (1) violation of substantive due process under the Fourteenth Amendment by proceeding with the sale without adequate notice, (2) violation of procedural due process under the Fourteenth Amendment by relying on a fraudulent writ of execution, and (3) violation of the right to access the courts under the First Amendment by frustrating his ability to seek judicial remedies. Defendant moves to dismiss all three claims for failure to state a claim.

### I.    Failure to State a Claim

#### A.  *Monell* Liability

Plaintiff brings his claims against Sheriff Livingston in his official capacity. (Dkt. No. 1 at ¶ 5.) Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services of the City of*

4

United States District Court
Northern District of California

*New York*, 436 U.S. 658, 690 n.55 (1978); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief."). So, Plaintiff must satisfy the *Monell* standard required to sue Contra Costa County. *Monell*, 436 U.S. at 694.

A Section 1983 claim for municipal liability, known as a *Monell* claim, requires a showing: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). To satisfy the "policy" requirement, the plaintiff must plead the violation of his rights was the result of "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (citing *Monell v.*, 436 U.S. at 693-95). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Plaintiff's allegations are insufficient to state a *Monell* claim. The Complaint does not allege a municipal custom or policy caused his injury. Although Plaintiff alleges Fourteenth and First Amendment claims against the County, he has failed to identify a particular Contra Costa County policy or custom that led to the constitutional violations. Instead, Plaintiff alleges Defendant "proceed[ed] with a sale of real property based on a false judgment amount" and "failed to give proper notice of an impending sale of real property." (Dkt. No. 1 ¶ 1.) These single, isolated events do not amount to the custom or policy prescribed by *Monell* and its progeny. *See, e.g.*, *Dawson v. Napa Cnty.*, No. 25-CV-01923-JSC, 2025 WL 2988734, at *8 (N.D. Cal. Oct. 23, 2025) (dismissing *Monell* claim because Plaintiff failed to "identify a particular Napa County or Napa City policy, custom, or practice and explain how it led to the constitutional violations").

5

Further, Plaintiff fails to satisfy any of the other ways to plead a *Monell* claim. The Complaint does not allege the constitutional violations were the result of a "failure to train, supervise, or discipline" or a "decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (citing *Monell v.*, 436 U.S. at 693-95). So, for this reason alone, all the claims in the Complaint must be dismissed.

### B. Failure to State a Constitutional Violation

Even if Plaintiff's allegations satisfied the *Monell* standard, his *Monell* claims cannot survive without an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As discussed below, Plaintiff has failed to allege a constitutional claim and thus his claims must be dismissed for this reason as well.

#### 1. Substantive Due Process

"Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicated in the concept of ordered liberty." *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (citation and quotation marks omitted). Substantive due process is ordinarily reserved only to rights deemed fundamental. *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006). Further, substantive due process cases require a "'careful description' of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (citation omitted). To sustain a substantive due process claim, a plaintiff must demonstrate a state actor deprived him of a constitutionally protected interest in life, liberty, or property, and the state action was constitutionally arbitrary. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). An action is constitutionally arbitrary when it shocks the conscious or otherwise "amount[s] to an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks*, 540 F.3d at 1088 (citation omitted).

Plaintiff has not alleged facts that reasonably support an inference of a denial of a fundamental right entitled to substantive due process protection; instead, he alleges the right to notice. (Dkt. No. 1 ¶ 18 ("Defendant violated Plaintiff's right to proper notice by posting a notice of Sheriff/s [sic] Sale Of Real Property [sic] on the neighbor's electrical service box rather than at

United States District Court
Northern District of California

the correct address . . . .").)  Notice is not a right substantive due process guarantees.  *See Glucksberg*, 521 U.S. at 719 ("Due Process Clause 'protects individual liberty'") (citation omitted).  As discussed below, due process claims based on notice issues generally arise as procedural due process claims.  Accordingly, his substantive due process claim must be dismissed.

### 2. Procedural Due Process

Procedural due process "protects individuals against the deprivation of liberty or property by the government without due process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  A section 1983 claim predicated upon procedural due process must allege (1) a constitutionally protected liberty or property interest, (2) a deprivation of that interest by the government, and (3) a lack of process. *Id.*  Plaintiff alleges procedural due process violations stemming from Defendant's improper notice and reliance on the unmodified writ of execution. (Dkt. No. 1 ¶¶ 18, 21.)

### i. Protected Property or Liberty Interest

An individual only has a property interest protected by procedural due process if they have a "legitimate claim of entitlement." *Roybal v. Toppenish Sch. Dist.*, 871 F.3d 927, 932 (9th Cir. 2017.)  Whether a plaintiff has a property interested protected by due process is determined by state law. *Id.* at 931.  "[T]he state law 'must provide more than merely procedure; it must protect some substantive end.'" *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (citation omitted).

Plaintiff appears to allege he had a protected property interest in the Hercules property: "Defendant violated [his] procedural due process rights by proceeding with a Sheriff's Sale Of Real Property [sic], despite a Court Order [sic] demanding that the underlying judgment writ amount be amended to reflect Plaintiff's true indebtedness." (Dkt. No. 1 ¶ 21.)  His Complaint cites California Penal Code section 115, which is not relevant to whether Plaintiff was entitled to the property in the first place. (*Id.*); *see* Cal. Penal. Code § 115 ("[e]very person who knowingly procures or offers any false or forged instrument . . . is guilty of a felony.").  However, Plaintiff includes details about the court order modifying the judgment to reflect his beneficial interest. (Dkt. No. 1 ¶ 21.)  Thus, drawing all inferences in Plaintiff's favor, he has sufficiently alleged a protected property interest in half the value of the Hercules Property.

7

United States District Court
Northern District of California

### ii. Deprivation of Interest

But Plaintiff has not plausibly alleged a deprivation of that interest.  The Complaint avers Defendant "deprive[d] Plaintiff of property" by proceeding with the sale despite the erroneous writ of execution, but Plaintiff does not allege any facts about the sale beyond its scheduled date.  (Dkt. No. 1 ¶ 22.)  He inserts no facts linking Defendant's reliance on the unmodified writ to a deprivation of property and further, does not specify if or when the sale occurred.  While he alleges Defendant failed to abide by the court order "amending a false statement of indebtedness pursuant to an incorrect judgement amount," he also alleges it was his sister, not Defendant, that did not amend the writ of execution. (Dkt. No. 1 ¶ 22.)  And, in any event, there are no allegations that plausibly support an inference he was deprived of his interest in the Hercules Property.  (Dkt. No. 1 ¶ 22.)

### iii. Lack of Process

The Complaint also does not allege sufficient facts to support the inference of lack of process.  "Due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006).  Instead, the government must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

Plaintiff alleges Defendant violated his "right to proper notice by posting a notice of Sheriff/s [sic] Sale Of Real Property [sic] on the neighbor's electrical service box rather than at the correct address." (Dkt. No. 1 ¶ 18.)  But Plaintiff fails to include any facts supporting an inference he was actually deprived of notice.  The Complaint does not allege Defendant's notification method was unreasonable, nor does it allege Plaintiff was unable to make any objections.  Further, Plaintiff does not allege facts supporting the inference he was not reasonably apprised of the sale.  Drawing all inferences in Plaintiff's favor, the Complaint compels the inference Plaintiff had notice of the sale, despite Defendant's alleged notification error, as he brought this action seeking to enjoin the sale before it occurred.

Earlier in his Complaint, Plaintiff cites to California Code of Civil Procedure section

8

701.540 alluding to the requirements for notice of the sale of interest in real property.  (Dkt. No. 1 ¶ 12); *see* Cal. Civ. Proc. Code § 701.540 ("[n]otice of sale of an interest in real property shall be in writing, shall state the date, time, and place of sale, shall described the interest to be sold, and shall give a legal description of the real property and its street address or other common designation, if any.").  However, he does not allege any facts suggesting the notice he received did not satisfy the requirements of section 701.540.  Accordingly, Plaintiff's procedural due process claim must be dismissed.

### 3.   First Amendment Claim

Finally, Plaintiff alleges his access to the courts was obstructed by Defendant's failure to follow the writ of execution.  (Dkt. No. 1 ¶¶ 26, 27.)  The First Amendment protects the "right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. Amend. I. The Supreme Court has identified two categories of access-to-court claims.  *Christopher v. Harbury*, 536, U.S. 403, 413-14 (2002).  The first category includes forward-looking claims, such as an official action frustrating a plaintiff's ability to prepare and file suits.  *Id.* at 413. The second category includes background-looking claims "alleg[ing] that due to an official action, a specific case 'cannot now be tried (or tried with all material evidence), no matter what official action may be in the future.'"  *Shaw v. City of Portola*, No. 2:25-CV-02461-DJC-DMC, 2025 WL 3237888, at *14 (E.D. Cal. Nov. 20, 2025) (quoting *Harbury*, 536 U.S. at 413-14).  "And in the backward-looking context more specifically, a plaintiff must identify: (1) loss of a 'nonfrivolous,' 'arguable' underlying claim; (2) the official acts that frustrated the litigation of the underlying claim; and (3) a remedy that "may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." *Id.* (quoting *Harbury*, 536 U.S. at 414-18).  Further, to sustain a First Amendment access-to-the-courts claim, a plaintiff must show actual injury, meaning "actual prejudice with respect to contemplated or existing litigation." *Lewis v. Casey*, 518, U.S. 343, 349 (1996).

Plaintiff attempts to plead a backward-looking claim.  He alleges Defendant disregarded the court order amending the writ's judgment amount, thus obstructing him from his realizing the benefits of his judgment.  (Dkt. No. 1 ¶ 27.)  But his allegations do not support the inference he

was denied access to the courts resulting in injury.  Plaintiff alleges Defendant's disregard for his writ "has obstructed [his] ability to realize the benefits of [his] judgment," thus rendering the judgment "hollow and ineffectual."  (Dkt. No. 1 ¶ 27.)  He details, "Plaintiff obtained a valid judgment and a court order that the Writ of Execution [sic] (judgment amount) underlying a levy against Plaintiff's real property and subsequent Sheriff's Sale [sic] of that property, be amended." That order represents judicial relief in Plaintiff's favor."  (Dkt. No. 1 ¶ 26.)

Drawing inferences in Plaintiff's favor, these allegations do not support a denial of access to the courts claim. He fails to allege facts that plausibly support an inference Defendant's alleged failure to modify the writ caused Plaintiff to lose some identifiable claim or remedy.  At best, he alleges his sister and Defendant failed to comply with a court order Plaintiff obtained precisely because he had access to the courts. To plausibly plead a backward-looking claim, Plaintiff must allege Defendant's conduct currently frustrates Plaintiff's ability to pursue a remedy in court or show such a claim could not be tried sometime in the future.  *See Shaw*, 2025, WL 3237888, at *14.  He fails to do so.

### C.  Leave to Amend

Defendant requests dismissal without leave to amend and insists the Court should revoke Plaintiff's in forma pauperis status and certify any appeal as frivolous.  (Dkt. No. 22 at 10.)  Rule 15(a) dictates leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).  Even if a plaintiff does not request to amend the pleading, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted). But a "district court need not grant leave to amend when amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen*, 465 F.3d at 951.

Plaintiff's claims are dismissed without leave to amend.  It is apparent leave to amend would be futile, especially given his history of litigation involving his parents' estate.  Further, Plaintiff failed to oppose Defendant's motion to dismiss.  He had the opportunity to address

10

Defendant's arguments and show how he stated a claim, or explain how he could amend to do so, but did not; his lack of opposition weighs against granting leave to amend. *See Ramirez v. Ghilotti Bros., Inc.*, 941 F.Supp.2d 1197, 1210 n. 7 (N.D. Cal. 2013) (collecting cases holding a party concedes an argument by failing to respond to it).

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss without leave to amend.

This Order disposes of Docket No. 22.

**IT IS SO ORDERED.**

Dated: February 11, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

11